People v Dyer (2024 NY Slip Op 00364)

People v Dyer

2024 NY Slip Op 00364

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Renwick, P.J., González, Kennedy, Higgitt, JJ. 

Ind. No. 4974/11 Appeal No. 118 Case No. 2017-2250 

[*1]The People of the State of New York, Respondent,
v
Shaun Dyer, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 4, 2014, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
In this justification defense case, defendant argues that he was deprived of his constitutional right of confrontation when an autopsy report and related documents were introduced through the testimony of a medical examiner other than the medical examiner who prepared the report (see US Const Amend VI; Crawford v Washington, 541 US 36, 68-69 [2004]; People v Ortega, ___ NY3d ___, 2023 NY Slip Op 05956, * 1 [2023]). We agree but find the error harmless for the reason explained below.
The autopsy report bears indicia of formality establishing that it was a "solemn declaration or affirmation made for the purpose of establishing or proving some fact" (Crawford, 541 US at 51 [internal quotation marks omitted]), here, the cause of the victim's death (see Ortega, 2023 NY Slip Op 05956, * 3). These indicia include the document's formal title (Report of Autopsy), accompanied by the seal of the Office of the Chief Medical Examiner of the City of New York (OCME), and the nontestifying examiner's signed and dated certification that she had performed an autopsy on the victim's body. The report was also generated under circumstances which would cause an objective witness to reasonably believe that it would be available for use in a criminal prosecution. A police officer initiated the process by reporting the matter to OCME, and the autopsy was conducted in connection with an active homicide investigation (see id.; Garlick v Lee, 1 F 4th 122, 134 [2d Cir 2021], cert denied ___ US ___, 142 S Ct 1189 [2022]).
Under the particular circumstances of this case, we find that the error in admitting the report and supporting documents was harmless because the People have proven "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" (Chapman v California, 386 US 18, 24 [1967]; see Ortega, 2023 NY Slip Op 05956, * 4; see People v Crimmins, 36 NY2d 230, 237 [1975]). The cause of the victim's death was uncontested and was readily inferable from other evidence. The only issue was justification, whether the homicide was a justified act of self-defense. To the extent any of the challenged evidence had a bearing on that defense by establishing the injuries caused by defendant's devastating attack, this was cumulative to other evidence of the victim's injuries. Furthermore, even after excising the disputed evidence, the totality of the evidence refuting defendant's justification defense, including the testimony of neighbors who heard the incident and photographs showing that the victim suffered heavy blows to the back of his head, was overwhelming.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: January 25, 2024